673 P.2d 1085
**STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert J. GILMAN, Defendant-Appellant.**

**No. 14087.**

Court of Appeals of Idaho.

Dec. 8, 1983.

Petition for Review Denied
March 6, 1984.

Kenneth F. White, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

In this criminal case we examine the relationship between due process and the concept of a "lesser included" offense. Robert Gilman was charged with rape. The prosecutor's information alleged that he had "accomplish[ed] an act of sexual intercourse" with a twelve-year-old girl. A jury found him not guilty of the crime charged but guilty of lewd conduct with a minor, which had been described in jury instructions as a lesser included offense. Judgment of conviction was entered, and Gilman was sentenced to the custody of the Board of Correction for an indeterminate period not exceeding ten years. We affirm.

In Part I of this opinion, we outline the general proscription against charging a defendant with one crime but convicting him of another. We note an exception for lesser included offenses, and we uphold the application of that exception to this case even though the offense here is not less serious than the crime charged. However, in Part II we focus upon the jury instruction characterizing lewd conduct as a lesser included

offense in this case. We hold that this instruction misstated the seriousness of the offense, but that the error is not reversible.

## I

Our threshold task—as in all constitutional law cases—is to identify the source of constitutional principles employed in today's opinion. Article I, § 13, of the Idaho Constitution provides that no person shall "be deprived of life, liberty or property without due process of law." This provision directly governs a criminal prosecution conducted under state law and rules of procedure. Supplemental due process protection against state action is afforded by the fourteenth amendment to the United States Constitution, and similar protection against federal action is provided by the fifth amendment. But we need not reach beyond the state constitution today. In the discussion that follows, court decisions construing the federal constitution are cited only for guidance in defining the scope of the due process guaranteed by the Idaho Constitution.

## A

■ Although procedural due process is an elastic concept, it embraces in virtually any context the related elements of notice and fair hearing. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). In a criminal case, procedural due process does not guarantee errorless trials, but it does "at least ensure that criminal trials shall be fundamentally fair." *Schwartzmiller v. Winters,* 99 Idaho 18, 19, 576 P.2d 1052, 1053 (1978).

■ Fairness requires that a criminal defendant be tried only upon charges of which he has notice. In *De Jonge v. Oregon,* 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278 (1937), the United States Supreme Court said that "[c]onviction upon a charge not made would be a sheer denial of due process." Accordingly, the general rule has evolved that an accused person is denied due process by variance between the crime charged in a prosecutor's information and the crime upon which a judgment of

conviction is entered. *E.g., State v. Cariaga,* 95 Idaho 900, 523 P.2d 32 (1974).

■ However, there is a well-recognized exception to this general rule. At common law, the prosecutor's charge of a specific crime was viewed as giving presumptive notice of any lesser included offense. *State v. Padilla,* 101 Idaho 713, 716, 620 P.2d 286, 289 (1980). "Lesser included offense" is a term of art. It has been defined generally as an offense which is necessarily committed while committing the crime charged, or the essential elements of which are alleged as the manner or means by which the charged offense has been committed. *E.g., State v. McCormick,* 100 Idaho 111, 114, 594 P.2d 149, 152 (1979).

The common law doctrine, that a defendant has presumptive notice of a lesser included offense, has survived due process scrutiny. In *People v. Cooke,* 186 Colo. 44, 525 P.2d 426, 428 (1974), the Colorado Supreme Court stated:

> It is true that the ... lesser included offense doctrine places some burden upon the defendant to determine the specific charges which have been made against him.... The effectiveness of many constitutional rights of an accused depends upon the self-initiative of the accused.

This doctrine has found a place in the criminal procedure of our state. Idaho Code § 19–2132(b) provides that the trial court "shall instruct the jury on lesser included offenses when they are supported by any reasonable view of the evidence." Section 19–2312 provides that the jury "may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged...." This statute is supplemented by Rule 31(c), of the Idaho Criminal Rules:

> (c) Conviction of lesser offense. The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense.

## B

In the present case, the prosecutor's information charged Gilman with rape, alleging no specific facts other than intercourse with the minor victim.[1] Lewd conduct was not mentioned by the information.[2] Gilman now contends that he was denied due process because the information failed to give him notice that he might be convicted of a crime for acts other than intercourse. The validity of this contention turns upon whether lewd conduct is a lesser included offense of rape.

Our Supreme Court has declared that "any acts leading to rape or assault with intent to rape ... would be lewd and lascivious and would evince the intent described in [the lewd conduct statute]...." *State v. Petty,* 73 Idaho 136, 138, 248 P.2d 218, 219 (1952). Although this declaration was made by a divided court, it has been mentioned, without qualification or disapproval, in subsequent decisions. *See State v. Hall,* 88 Idaho 117, 122, 397 P.2d 261, 263 (1964); *State v. Anderson,* 82 Idaho 293, 303, 352 P.2d 972, 978 (1960). We consider ourselves bound to comply with it. By parity of reasoning, acts leading to statutory rape—sexual intercourse with a female child—would evince an intent necessary to invoke the lewd conduct statute. Accordingly, we hold that lewd conduct is an included offense of statutory rape.

However, this holding does not entirely dispose of the constructive notice question posed here. Constructive notice is a creature of the "lesser included offense" doctrine. Ordinarily, an "included" offense is also a "lesser" offense in the sense that it is less serious than the crime charged. This relationship is consistent with the general definition of "lesser included offense" set forth earlier. Indeed, the compound term "lesser included" seems to contemplate such a relationship. But that relationship does not exist between statutory rape and lewd conduct.

The relative seriousness of two crimes may be indicated by the penalties prescribed for them. The Legislature has established no difference between the maximum punishments authorized for lewd conduct and statutory rape. Both may be punished by imprisonment up to life. *See* I.C. §§ 18–6104 and 18–6607.[3] Moreover, I.C. § 20–223 provides that persons convicted of certain enumerated crimes—including "rape by force or threat of bodily harm" and "committing a lewd act upon a child—" must serve five years or one-third of their sentences, whichever is the least, prior to becoming eligible for parole. Statutory rape, which does not contain the element of force or threat, has been omitted from the enumerated crimes subject to this minimum confinement provision. From this perspective, lewd conduct appears to be of greater seriousness than statutory rape.

Consequently, this case deviates from the norm. It requires us to determine whether the words "lesser" and "included" have separate meanings obscured by the ordinary relationship between a lesser included offense and the crime charged.

The word "lesser" is ambiguous. It may describe a degree of seriousness or it may

1. The information referred broadly to rape but the specific crime charged—in common parlance—was "statutory rape." Idaho Code § 18–6101 defines rape as "an act of sexual intercourse accomplished with a female" under any of several enumerated circumstances, the first of which is "[w]here the female is under the age of eighteen (18) years."

2. "Lewd conduct" is another expression in common parlance used to specify a particular form of sex crime. Idaho Code § 18–6607 provides as follows:
 Any person who shall wilfully and lewdly commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor or child under the age of sixteen (16) years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such minor or child, shall be guilty of a felony....

3. Idaho Code § 18–6104, unlike § 18–6607, contains a provision that imprisonment shall be "not less than one (1) year." However, I.C. § 19–2513 has abolished any requirement that a minimum period of imprisonment be prescribed when an indeterminate sentence is imposed.

signify that the offense in question has fewer elements than the crime charged. If ascribed the latter meaning, "lesser" would be essentially synonymous with "included." The courts occasionally have used "lesser" in contexts suggesting both meanings. In *State v. Padilla, supra*, our Supreme Court said:

> The doctrine of lesser included offense appears to be a construct of the criminal law which permits the trier of fact to convict the defendant of an offense *less serious* than that charged in the accusatory pleading. There appears no question but that a defendant may be convicted of an entirely separate and distinct offense from that of which he is accused and it is not necessary that the lesser crime be a degree or variety of the more serious crime. It has been stated that a justification for the lesser included offense doctrine is fundamental fairness both to the defendant and to the prosecution. It is said to prevent the conviction of the defendant of a greater crime when he might be guilty only of a lesser offense, and on the other hand to prevent a total acquittal of a larger crime when the defendant may have committed *all of the elements* of a lesser crime. [101 Idaho at 716, 620 P.2d at 289. Emphasis added.]

Some guidance in resolving this ambiguity is afforded by the more recent Supreme Court decision in *State v. Goodrick*, 102 Idaho 811, 641 P.2d 998 (1982). There, the Supreme Court held that the eighth amendment to the United States Constitution, which bans cruel and unusual punishments, was not offended by Idaho statutes authorizing greater maximum punishment for assault with intent to commit the infamous crime against nature than for simple commission of the infamous crime. The Court said it assumed that assault with intent to commit the infamous crime was a lesser included offense of the infamous crime. The Court cautioned its readers that this assumption was for the purpose of discussion only. But it may be surmised that the Court would not have made the assumption at all if the Court deemed it doctrinally impossible for a lesser included offense to carry a potentially greater penalty than the crime charged.

 We further note that I.C.R. 31(c) and I.C. §§ 19–2132(b) and 19–2312, quoted above, impute no meaning to the word "lesser" different from the word "included." Accordingly, we hold that the doctrine of the lesser included offense is not limited to an offense less serious than the crime charged. This holding is consistent with due process requirements. The underlying question is one of notice. If an offense is "included" in the crime charged, a defendant may be fairly said to have constructive notice of the alleged conduct comprising it. Such notice is not defeated by the fact that the included offense may carry a heavy penalty. Accordingly, we conclude in this case that the prosecutor's information charging statutory rape of a twelve-year-old girl furnished constructive notice to Gilman that he might be convicted of lewd conduct as an included offense.

## II

We now turn our attention to another component of procedural due process—a fair trial. We have noted that the prosecutor's information cited the rape statute and alleged that Gilman had engaged in sexual intercourse with a twelve-year-old girl. The jury was asked to draw an inference of sexual activity from evidence largely circumstantial. The trial judge instructed the jury that lewd conduct and several other crimes were lesser included offenses of the crime charged. Gilman objected to the instruction insofar as it related to lewd conduct. The full text of this instruction appears in the appendix to this opinion.

## A

The opening paragraph of the instruction informed the jury that there were several "lesser" offenses. These "lesser" offenses were listed and described in the following order: assault with intent to commit rape, attempted rape, battery, assault, and—finally—commission of lewd conduct with a minor. The instruction also informed the jurors that if they found Gilman had com-

mitted one of these "lesser" offenses, they could convict him "only of the highest degree" as to which they had no reasonable doubt. The term "highest degree" was not defined.

The standard for reviewing a jury instruction is profoundly different from the standard for interpreting a legal concept such as constructive notice. We are constrained to interpret a jury instruction with careful attention to the language used and as reasonable jurors would have interpreted it. *Ulster County Court v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). As we have observed in *State v. Williams,* 103 Idaho 635, 651 P.2d 569 (Ct.App.1982), instructions are intended for jurors, not for judges or lawyers. Unless otherwise defined, terms such as "lesser offense" and "highest degree" must be given plain, nontechnical meanings.

Special care must be taken when instructing a jury about an offense which is "included" in the crime charged but which actually carries an equal or greater potential penalty. Use of the term "lesser" to describe such an offense may be misleading. Moreover, when a jury is asked to choose among several included offenses, according to the "highest degree," that term should be defined. Where multiple offenses are listed, the sequence in which they appear should not suggest an incorrect ranking of their relative severity.

In this case, lay persons unfamiliar with the underlying statutes reasonably might have interpreted the repeated references to "lesser" offenses as signifying that each of the offenses listed, including lewd conduct, was less serious than the crime charged. Moreover, reasonable jurors— noting the sequence of the offenses listed and judge's statement that the crimes were different in "degree"—well could have believed that lewd conduct was the least serious of the "lesser" crimes. Therefore, we hold that the jury instruction erroneously characterized the seriousness of lewd conduct in relation to the crime charged and to other included offenses.

**4.** Gilman was separately charged with, and convicted of, furnishing intoxicating beverages

## B

However, as noted earlier, due process does not demand a perfect trial; it requires a fair one. Even if an error is constitutional in dimension, a conviction will not be reversed if the appellate court is satisfied that the error was "harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). This case presents a variation on the *Chapman* theme. In *Chapman,* and in Idaho cases following it, the question was whether an error at trial contributed to a verdict of guilty rather than of not guilty. *E.g., State v. Urquhart,* 105 Idaho 92, 665 P.2d 1102 (Ct.App.1983); *State v. LePage,* 102 Idaho 387, 630 P.2d 674 (1981). Here the question is whether the error affected the jury's choice among alternative guilty verdicts. However, this choice has determined the result in the case, and we see no conceptual reason why it should not be subject to a *Chapman* analysis.

*Chapman* requires us to examine the record. The state's evidence in this case was largely uncontroverted. The evidence tended to show that Gilman shared a tent with the victim one evening at a remote cattle camp. He gave her alcohol to drink.[4] During the night she awoke to find his arm across her. She later "wet" her sleeping bag and spent the rest of the night in a pick-up truck. In the morning, she found that her brassiere had been unfastened and that other underclothing, which she had worn when she went to sleep, was back in the tent. She did not recall any sexual penetration. Clinical evidence of intercourse was inconclusive. In our view this record contains substantial, albeit circumstantial, evidence supporting the jury's implicit inferences that physical contact other than intercourse occurred and that Gilman acted with an intent sufficient to invoke the lewd conduct statute.

The question framed by *Chapman* is whether the jury still would have convicted

to a minor. He did not appeal from this misdemeanor conviction.

Gilman of lewd conduct if the jury instruction had not mistakenly characterized the seriousness of the offense. We answer this question in the affirmative. The instruction did not color or comment upon the evidence. Neither does Gilman contend that it incorrectly summarized the elements of any offense listed. The instruction cautioned the jury not to convict Gilman of any offense about which there was reasonable doubt. In short, there is no indication that the instruction compromised the fact-finding process in this case.

Neither does it appear that the instruction distorted the jury's choice of the crime committed. That choice—regardless of the seriousness of the alternatives—was required to conform to the facts found and the inferences drawn. The evidence either failed to satisfy, or went beyond, the elements of the included offenses other than lewd conduct mentioned in the instruction. Lewd conduct was the choice that most closely fit the evidence. We conclude that the error in the instruction, relating to the seriousness of the offense, did not alter the choice. Therefore, while we disapprove the instruction, it was harmless beyond a reasonable doubt in this case.

The judgment of conviction is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.

### APPENDIX

### INSTRUCTION NO. 14

The offense of rape as charged in Count I of the Information necessarily includes several lesser offenses. If you are not satisfied beyond a reasonable doubt that the defendant is guilty of rape, you may still find him guilty of any such lesser offense if the evidence is sufficient to satisfy you of his guilt of that lesser offense beyond a reasonable doubt.

One such included lesser offense is assault with intent to commit rape. The term "assault" is defined as an unlawful attempt, coupled with apparent ability, to commit a violent injury on the person of another. In order to find the defendant guilty of this offense you must be satisfied beyond a reasonable doubt that he assaulted [the victim] with the intent to rape her.

A second included lesser offense is that of attempted rape. In order to find the defendant guilty of this offense you must be satisfied beyond a reasonable doubt that he attempted to rape [the victim] but failed, or was prevented or intercepted in the commission of the rape.

Yet another included lesser offense is that of battery. Idaho law provides that a battery is any of the following: (a) Willful and unlawful use of force or violence upon the person of another; or (b) Actual, intentional and unlawful touching or striking of another person against the will of the other; or (c) Unlawfully and intentionally causing bodily harm to an individual.

A lesser offense, and one which is included in the offense of rape as well as battery, is that of assault, and this offense has already been defined for you in this Instruction.

One further included lesser offense is the commission of lewd conduct with a minor or child under the age of sixteen years. Under Idaho law it is unlawful for any person to wilfully and lewdly commit any lewd or lascivious act or acts upon or with the body, or any part or member of the body, of a minor or child under the age of sixteen years with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such minor or child.

The term "lewd" is defined as meaning licentious, lecherous, dissolute, sensual, debauched, impure, obscene, salacious, indecent or pornographic. The term "lascivious" is defined as meaning wanton, lewd, lustful, licentious, salacious, tending to deprave the morals in respect to sexual relations, tending to excite lust or sexual impurity.

You may convict the defendant of this included offense only if you are satisfied beyond a reasonable doubt that he wilfully committed any lewd or lascivious act or acts upon the body, or any part or member of the body of [the victim], that [the victim] was at the time under sixteen years of age,

and that the act or acts were committed with the intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of either the defendant or [the victim].

If, after considering all the evidence in the case, you find that the defendant has committed a public offense included within the charge of rape, but entertain a reasonable doubt as to which degree of offense he is guilty, then you may find him guilty only of the highest degree as to which you have no reasonable doubt as to guilt. And, of course, if you have a reasonable doubt as to whether any public offense was committed, then you must find the defendant not guilty.

Therefore, as to Count I of the Information you may find the defendant guilty of the crime charged, that is rape, or any one of the included lesser offenses, if in your judgment the evidence supports such verdict under these instructions. And, if you are not satisfied beyond a reasonable doubt that the defendant has committed any such offense, then you must find him not guilty.