702 P.2d 308

**The STATE of Idaho,
Plaintiff-Respondent,**

v.

**Joe MADRID, Defendant-Appellant.**

No. 15348.

Court of Appeals of Idaho.

April 10, 1985.

Rehearing Denied July 30, 1985.

Van G. Bishop, Scott Eugene Fouser, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

OLIVER, Acting Judge.

This is an appeal from a jury verdict and a judgment of conviction, which found defendant-appellant guilty of the crime of incest. The issue presented herein is whether incest is a lesser included offense of rape. We hold that the trial court's instruction to the jury, that incest is a lesser included offense of the crime charged, was error. We set the judgment of conviction aside, on the basis that the defendant was convicted of a crime with which he had never been charged.

The facts necessary to an understanding of this case are basically that defendant

was charged with the rape of an eighteen-year-old woman who was his daughter. The Information charging defendant with rape, a felony, alleged that Joe Madrid had intentionally and forcibly accomplished sexual intercourse with the victim, who was "prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution." The original Information alleged defendant's violation of I.C. § 18–6101(3). The prosecutor later amended the Information to allege the defendant's violation of I.C. § 18–6101(4) and to reflect that the female in question was not defendant's wife. However, the Information nowhere alleged that the victim was defendant's daughter.

The trial court advised the jury to acquit on the rape charge, because he did not view the evidence as sufficient to support a factual finding of apparent force or of the victim's having succumbed out of fear to the defendant's advances. The State has not cross-appealed as to this advisory instruction. Over defense counsel's objection, the trial court then instructed the jury that it could convict defendant of certain lesser included offenses of rape, including incest. Defendant assigns this instruction as error.

The definition of rape under I.C. § 18–6101 is as follows:

> **18–6101. Rape defined.**—Rape is an act of sexual intercourse accomplished with a female under either of the following circumstances:
>
> 1. Where the female is under the age of eighteen (18) years.
>
> 2. Where she is incapable, through lunacy or any other unsoundness of mind, whether temporary or permanent, of giving legal consent.
>
> 3. Where she resists but her resistance is overcome by force or violence.
>
> 4. Where she is prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution; or by any intoxicating narcotic, or anaesthetic substance administered by or with the privity of the accused.
>
> 5. Where she is at the time unconscious of the nature of the act, and this is known to the accused.
>
> 6. Where she submits under the belief that the person committing the act is her husband, and the belief is induced by artifice, pretense or concealment practiced by the accused, with intent to induce such belief.

I.C. § 18–6602 defines incest and its punishment. It states:

> **18–6602. Incest.**—Persons being within the degrees of consanguinity within which marriages are declared by law to be incestuous and void, who intermarry with each other, or who commit fornication or adultery with each other, are punishable by imprisonment in the state prison not exceeding ten years.

■ It is clear that incest, as defined by I.C. § 18–6602, includes the element of a familial relationship between the defendant and the victim, which element is not present in or necessary to the commission of rape under any subdivision of I.C. § 18–6101. Since the crime of incest contains an element which is not necessary to the crime of rape, incest is not a lesser included offense of rape under the traditional statutory approach to lesser included offenses, as explained below.

■ Idaho allows conviction for a lesser included offense of the crime charged under either of two theories. The narrower statutory theory was explained in *State v. Thompson*, 101 Idaho 430, 433, 614 P.2d 970, 973 (1980), wherein the Supreme Court stated, "Under this theory, one offense is not considered a lesser included offense of another unless it is necessarily so under the statutory definition of the crime." This theory strictly requires "that to be necessarily included in the greater offense 'the lesser offense must be such that it is impossible to commit the greater without having committed the lesser.'" *Thompson, citing Little v. State*, 303 A.2d 456 (Me. 1973).

■ We have also accepted a less stringent construction of the law of lesser

included offenses, in the form of the "indictment" or "pleading" theory. Under this more lenient approach, an offense is considered a lesser included offense of the crime charged, "if it is alleged in the information as a means or element of the commission of the higher offense." *Thompson*, 101 Idaho at 434, 614 P.2d at 974, *citing* I.C. § 19–2312 ("The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment...").  *Accord Bates v. State*, 106 Idaho 395, 679 P.2d 672 (Ct.App.1984); *State v. Hall*, 86 Idaho 63, 383 P.2d 602 (1963); *State v. Anderson*, 82 Idaho 293, 352 P.2d 972 (1960). Under either of the above theories, the crime of incest is not a lesser included offense of the crime of rape, under the facts alleged in the Information in the present case.

Our ruling today is not inconsistent with *State v. Gilman*, 105 Idaho 891, 673 P.2d 1085 (Ct.App.1983). In *Gilman*, the defendant was charged with rape under I.C. § 18–6101, which statute the court noted "defines rape as 'an act of sexual intercourse accomplished with a female' under any of several enumerated circumstances, the first of which is '[w]here the female is under eighteen (18) years.'" 105 Idaho at 894, 673 P.2d at 1088, fn. 1. Defendant was convicted of the offense of lewd and lascivious acts upon a minor under age sixteen, which conduct was prohibited by I.C. § 18–6607. The criminal Information had not cited this latter statute. The court was faced with the question of whether lewd conduct constituted a lesser included offense of the crime which had been charged, rape. The court held that it was a lesser included offense and affirmed the conviction. However, we note that the Information charging Gilman specifically stated that the victim was a twelve-year-old girl. Gilman was, then, on notice throughout trial that the charge against him, as described in the Information, included all of the elements necessary to the crime of lewd and lascivious conduct with a person under sixteen. The present case is clearly distinguishable from *Gilman*.

Certainly, conviction of a defendant for a crime not charged is a denial of due process. *State v. Cariaga*, 95 Idaho 900, 523 P.2d 32 (1974). We note that, since the defendant's incest conviction has been set aside at his request, and thus defendant has never been charged with and prosecuted for the crime of incest, there is no constitutional barrier to subsequent prosecution for that offense. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *State v. Hall*, 86 Idaho 63, 383 P.2d 602 (1963). *See* 1 Wharton's Criminal Law §§ 54, 59, 63 (14th ed. 1978). *Cf. Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

Although defendant brings up issues going to the court's handling of the rape charge, we deem it now unnecessary to discuss those assignments of error, since the defendant has been acquitted of rape and his incest conviction is set aside.

The defendant's conviction of the crime of incest is set aside.

DONALDSON, Acting C.J., and SWANSTROM, Acting J., concur.