UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-1776
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL FRED BUCHNER,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
_____
(November 10, 1993)
(                         )


Before GARWOOD, DAVIS and SMITH, Circuit Judges.

GARWOOD, Circuit Judge:

Defendant-appellant Daniel F. Buchner (Buchner) appeals his bank robbery conviction asserting that the district court erred in its jury instruction on a lesser included offense and in its denial of his motion to suppress evidence obtained as a result of a warrantless search. We affirm.

**Facts and Proceedings Below**

On the morning of January 10, 1992, a Bank One branch in Dallas, Texas, was robbed. The robber was described as a 35-year-old white male with a mustache and graying dark hair wearing an

oversized sweater, casual pants, and black shoes. The robber was said to have displayed an automatic pistol and ordered bank tellers to place money in a tan-colored shoulder bag. During the robbery one of the tellers placed a tracking device on bands of money given to the robber.

Officer Todd Wellhouse (Wellhouse) heard about the robbery through a radio dispatch. Within fifteen minutes of the dispatch, Wellhouse, using the tracking device, traced the stolen money to a LaQuinta motel. Upon reaching the motel, Wellhouse parked directly behind a white Oldsmobile, which had been rented earlier that day to Buchner's girlfriend, Maria Farris. As he exited the police car, Wellhouse observed Buchner walking on a second floor balcony at the motel. After seeing Wellhouse, Buchner suddenly retreated into his motel room. Wellhouse, noting Buchner fit the description of the bank robber, proceeded up the motel stairway towards Buchner's room. After reaching the second floor, Wellhouse looked down and noticed that the Oldsmobile had a black shoulder bag sitting on the front seat. Wellhouse went back downstairs to the car and saw a toy gun lying on the floor and something green visible through an inch long opening in the shoulder bag. Wellhouse then opened the door of the car, unzipped the bag and saw a large amount of money inside. The police later confirmed that the money found had been stolen from Bank One. Thereafter Buchner was later indicted for bank robbery in violation of 18 U.S.C. § 2113(a).

During the trial Buchner requested that the jury be charged on what he claimed was the lesser included offense of possession of

stolen bank property contrary to 18 U.S.C. § 2113(c), and that the following instruction be given in that connection:

> "We have just talked about what the government has to prove for you to convict the Defendant of bank robbery, as charged herein. Your first task is to decide whether the Government has proved, beyond a reasonable doubt, that the Defendant committed that crime. If your verdict on that is guilty, you are finished. But if your verdict is not guilty, *or if you are unable to reach a verdict as to the Defendant's guilt of the offense of bank robbery*, as charged herein, you should go on to consider whether the Defendant is guilty beyond a reasonable doubt of possession of stolen bank property, as will be defined for you."[1]  (Emphasis added).

The district court agreed to Buchner's request that the jury be charged on possession of stolen bank property as an included offense, but denied Buchner's requested form of instruction and gave instead the following jury instruction:

> "[I]f you should find the Defendant Daniel Fred Buchner not guilty of the offense charged in the indictment, then you must proceed to determine his guilt or innocence as the *lesser* included offense of possession of stolen bank property, here money."  (Emphasis added).

The jury was instructed shortly thereafter that its "verdict must be unanimous; that is all of you must agree to each answer."

On June 5, 1992, the jury found Buchner guilty of bank robbery. The jury also found Buchner guilty of possession of stolen bank property.[2]  Buchner argued that the verdict was

---

[1]    The instructions requested by Buchner were essentially the same as those contained in the Fifth Circuit pattern jury instructions. U.S. FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS – CRIMINAL CASES §1.32 (1990). These pattern instructions were developed by district judges in this Circuit to serve as a guideline. The pattern instructions, while persuasive, are not binding on this Court.

[2]    The jury, on its verdict form, found Buchner guilty of both bank robbery and possession of stolen money even though the judge only instructed the jury to consider Buchner's guilt under the

3

inconsistent and requested that the jury be allowed to deliberate further.  The court denied the request, but confirmed the jury's guilty verdict of bank robbery by conducting a poll of the jurors. The district court disregarded the jury's verdict of guilty of possession of stolen bank property.  Buchner was sentenced to 240 months' imprisonment and 3 years of supervised release.

On appeal, Buchner asserts that the trial court's refusal to give his requested lesser included offense instruction constituted reversible error because the instruction given did not allow the jury to consider the defendant's guilt of possession of stolen bank property unless it first unanimously acquitted him of bank robbery. He asserts that the jury should have been told to also consider the possession offense if it was unable to agree on the robbery charge. Buchner also argues that the district court's characterization of possession of stolen bank property as a "lesser" offense improperly injected an element of punishment into the jury's deliberations.[3] In addition, Buchner argues that Wellhouse's warrantless search of his shoulder bag was unlawful, and therefore its fruits should have been suppressed.

lesser offense if they found Buchner not guilty of the greater offense.

[3]    On appeal Buchner makes no complaint respecting the court's acceptance of the verdict of guilty of robbery while disregarding the verdict of guilty of possession of stolen bank property; nor is any appellate complaint made as to not returning the jury for further deliberations or not instructing them further after the verdict was returned.  Nor does Buchner complain on appeal that possession of stolen bank property was submitted as an included offense.

4

**Discussion**

I.   Lesser Included Offense Instruction

The Supreme Court in *United States v. Gaddis* held that receipt or possession of stolen bank property in violation of 18 U.S.C. § 2113(c) is not a lesser included offense of bank robbery under sections 2113 (a), (b), and (d).   96 S.Ct. 1023, 1026 (1976). Therefore, under *Gaddis* Buchner was never entitled to have the offense of possession of stolen bank property submitted to the jury in any form.   Buchner contends, however, that *Gaddis* is not controlling here because the term "lesser included offense" in *Gaddis* was used in the context of a discussion about the doctrine of merger, not included offense jury instructions.   We reject this contention.

Most courts have applied one of three tests to determine when an offense not specifically charged may be deemed a lesser included offense of another, greater charged offense.   *See generally United States v. Browner*, 937 F.2d 165, 167-68 (5th Cir. 1991).   The first and most expansive of these three tests is the inherent relationship test.   Under this test, a lesser included offense instruction may be appropriate when the lesser offense is established by the evidence presented at trial in proof of the greater offense.   Under this approach there must be "'an "inherent" relationship between the greater and the lesser offenses, *i.e.*, they must relate to the protection of the same interests, and must be so related that in the general nature of these crimes, . . . proof of the lesser offenses is necessarily presented as part of the showing of the commission of the greater offense.'"   *Id*. at 167

5

(citing *United States v. Whittaker*, 447 F.2d 314, 319 (D.C. Cir. 1971).

The second test is the pleading or indictment theory test. Under this test a jury is generally allowed to consider a lesser offense if that offense is contained within the language of the indictment or information as the means by which the charged greater offense was committed. *Browner* at 168.

The third and most restrictive test is the statutory elements test. Under this approach an offense is not a lesser included offense unless each statutory element of the lesser offense is also present in the greater offense. *Id*. at 168. This Court in *Browner* interpreted the Supreme Court decision in *Schmuck v. United States*, 109 S.Ct. 1443 (1989), as adopting the statutory "elements" test for purposes of determining when a federal criminal defendant is entitled to a lesser included offense instruction. 937 F.2d at 168 (stating Supreme Court adopted the elements test for purposes of evaluating "necessarily included" offense under Federal Rule of Criminal Procedure 31(c)). Therefore, in accordance with the "elements" theory test, Buchner is only entitled to a lesser offense instruction if the elements of the lesser offense are a subset of the elements of the charged offense. *Schmuck*, 109 S.Ct. at 1450.

Bank robbery, pursuant to 18 U.S.C. § 2113(a), requires as an element of the offense that property or money be taken from the bank. Receipt or possession of stolen bank proceeds, pursuant to section 2113(c) requires the knowing possession, receipt, or concealment of property or money "which *has been* taken or stolen

6

from a bank." (Emphasis added). Buchner asserts that as a bank robber knowingly possesses the money stolen from a bank, the elements required to prove possession of stolen bank proceeds necessarily is a subset of the elements of bank robbery.

Buchner's interpretation of section 2113(c) is not consistent with its purpose. The Supreme Court in *Gaddis* stated that section 2113(c) was intended for those persons who receive the stolen property from the bank robber. 96 S.Ct. at 1026. The Court in *Gaddis* noted that "'Congress was trying to reach a new group of wrongdoers, not to multiply the offense of the bank robbers themselves.'" *Id*. at 1026 (quoting *Heflin v. United States*, 79 S.Ct. 451 (1959)). Under the Supreme Court's interpretation, to be convicted under section 2113(c) the defendant's possession or receipt of the stolen bank proceeds must occur *after* the robbery has taken place. That is consistent with the wording of section 2113(c), which requires that the property possessed be that which "has been" taken or stolen. Therefore, the act of bank robbery under section 2113(a) cannot be a subset of receipt or possession of stolen bank proceeds under section 2113(c).

Buchner's own story is illustrative of the type of wrongdoers at which section 2113(c) is aimed. Buchner testified at trial that he had received the money found in his black shoulder bag from a person named Tony Shannon as payment on a debt. Buchner stated that he did not know the money was stolen from the bank until after he noticed large numbers of one and five dollar bills in the bag. He argues that if the jury found he knew the money had been stolen from the bank, he could be found guilty under section 2113(c).

7

However, under Buchner's own story his possession of the stolen bank proceeds was clearly separate from and subsequent to the bank robbery, and was not encompassed in the language of the one-count indictment charging robbery of the bank.

Buchner was not entitled to any lesser included offense instruction. In fact, as Buchner was indicted under only section 2113(a), the court should not have submitted the section 2113(c) offense to the jury at all.[4] Therefore, we decline to resolve the question whether the language used in the district court's lesser included offense jury instruction was erroneous in the respects complained of by Buchner.[5] Even if Buchner's is the preferred form

_____

[4]     However, Buchner invited this error at trial and does not complain of it on appeal; indeed, on appeal he urges it was not error. There was no miscarriage of justice. The evidence against Buchner was overwhelming. The jury was told to first consider Buchner's guilt or innocence for the greater, charged offense of bank robbery. After deliberating about the greater offense, the jury found Buchner guilty of it. In addition, the jury was polled and each juror said that his verdict on bank robbery was guilty. The lesser included offense instruction did not affect the judgment. Buchner was properly convicted of the indicted offense.

[5]     Buchner's argument respecting the wording of the lesser included offense charge is based on two other circuit court decisions, *United States v. Tsanas*, 572 F.2d 340, 345-46 (2d Cir. 1978), *cert. denied*, 435 U.S. 995 (1978) (if the defendant expresses a choice between the two forms of instructions, similar to that requested by Buchner and that given by the district court, the court should give the form of instruction the defendant seasonably elects), and *United States v. Jackson*, 726 F.2d 1466, 1469 (9th Cir. 1984) (reversible error for the district court to give an instruction that did not allow the jury to consider the lesser offense at all unless the jury first unanimously acquitted the defendant of the greater offense). This Circuit has never addressed this precise issue. We note, however, that to give the form of instruction requested by Buchner may as a practical matter remove some of the district court's discretionary control in deciding how long a deadlocked jury should deliberate in a given case. Under a Buchner-type instruction, the jury might only briefly deliberate about a

of charge where it is proper to submit a lesser included offense to the jury, the failure to use that form is neither error nor prejudicial where, as here, the alternative offense is not a lesser included offense and should not be submitted to the jury in any form.

For the same reason, we reject Buchner's argument that the district court's characterization of possession of stolen bank property as a "lesser" offense improperly injected the element of punishment into the jury deliberations.

The jury is not allowed to consider a defendant's potential sentence as part of its deliberations. *United States v. Del Toro,* 426 F.2d 181, 184, (5th Cir. 1970), *cert. denied,* 400 U.S. 829 (1970) (noting that the jury's function is to find guilt or innocence and the judge's function is to impose the sentence). However, knowledge on the part of jurors that one crime is more serious than another does not necessarily infuse punishment into their deliberations. The district court specifically informed the jury that the court was responsible for the imposition of the penalty and that the jury should not consider or discuss the defendant's possible punishment. The jury's awareness that one crime is more serious than another does not imply that a defendant's potential sentence was used as part of the jury

---

greater charge and, because of initial disagreement among the jurors, move relatively quickly to deliberations about the lesser included charge. Here, the district court, in refusing Buchner's requested instruction, stated "if they're having trouble in reaching a verdict then we'll know that and this is without prejudice to giving them an additional clarification if they ask for it."

deliberations. Buchner's argument that the use of the term "lesser" offense improperly injected an element of punishment into the jury deliberations is without merit.

II. Suppression of Evidence

Buchner argues that the district court erred in denying his motion to suppress the evidence found as a result of Wellhouse's warrantless search of the shoulder bag found in Maria Farris' rental car. Buchner challenges the district court ruling that (1) he lacked standing to object to the search of the shoulder bag and (2) that the search was proper based on the facts.[6]

A district court's ruling on a motion to suppress is reviewed under a clearly erroneous standard as to the facts and *de novo* for questions of law. *United States v. Seals*, 987 F.2d 1102, 1106 (5th Cir. 1993), *cert. denied*, 62 U.S.L.W. 3247.

*A. Standing*

The owner of a suitcase located in another's car may have a legitimate expectation of privacy with respect to the contents of his suitcase. *United States v. Kelley,* 981 F.2d 1464, 1467 n.1 (5th Cir. 1993), *cert. denied,* 113 S.Ct. 2427. Buchner testified that he was the owner of the shoulder bag searched by Wellhouse. As the owner of the shoulder bag, Buchner had a legitimate expectation of privacy with respect to the contents of the bag and standing to object to any governmental search of the bag.

---

[6] The district court ruled that Farris consented to the search of the vehicle. This issue is not addressed, however, as the government concedes that Farris' consent was subsequent to Wellhouse's search of the shoulder bag. In addition, the district court upheld the search based on the plain view doctrine.

Therefore, the district court erred in finding that Buchner did not have standing to challenge the search.

*B.   Probable Cause*

Except for a few specifically established exceptions, warrantless searches are per se unreasonable.  *Katz v. United States,* 88 S.Ct. 507, 514 (1967).  However, under the automobile exception police may conduct a warrantless search of an automobile and any containers therein if they have probable cause to believe that it contains contraband or evidence of crime.  *California v. Acevedo,* 111 S.Ct. 1982, 1991.  Thus, Wellhouse's search of the shoulder bag must be supported by probable cause though a warrant was not necessary.

A probable cause determination should be based on the totality of the circumstances.  *Illinois v. Gates,* 103 S.Ct. 2317, 2332 (1983).  The evidence in support of probable cause "must be viewed in light of the observations, knowledge, and training of the law enforcement officers involved in the warrantless search."  *United States v. Muniz-Melchor,* 894 F.2d 1430, 1438 (5th. Cir.), *cert. denied,* 495 U.S. 923 (1990).

The district court credited the testimony of Wellhouse.  Under the district court's findings, at the time of the search Wellhouse was aware of the following: (1) the tracking device that had led Wellhouse to the motel continued to beep; (2) a man fitting the physical description of the robber but wearing different clothes had been on the balcony and had retreated into a motel room upon seeing Wellhouse; (3) the robber was reported as having had a tan leather shoulder bag and an automatic pistol; (4) there was a toy

11

revolver on the floor of the Farris car; and (5) a black leather bag with a "spot of green" seen through an inch-long opening in the bag was on the front seat of the Farris car.  Wellhouse further stated that he suspected that the bag was the robber's because of the presence of the gun,[7] the type of bag (a shoulder bag), and the fact the tracker continued to beep.  Based on the totality of the circumstances and Wellhouse's experience and observations, a determination that sufficient probable cause existed to conduct a warrantless search of the bag inside of the vehicle is supported. As probable cause is supported by the determined facts, it is essentially established as a matter of law.[8]

## Conclusion

Buchner's appeal presents no reversible error.  His conviction and sentence are accordingly

AFFIRMED.

---

[7]    It is unclear if Wellhouse knew whether the gun was a toy. However, regardless of whether the gun was real, its presence along with the shoulder bag increases suspicion that it was used in the bank robbery.

[8]    *United States v. Muniz-Melchor*, 894 F.2d 1430, 1439 n.9 (5th Cir. 1991) ("The ultimate determination as to probable cause for a warrantless search seems to be a question of law for this Court to decide.").  *Cf. United States v. Basey*, 816 F.2d 980, 988 (5th Cir. 1987) ("[t]he ultimate determination of reasonableness in investigatory stop cases is [] a conclusion of law").