United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60804
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAIAH DAVID QUAITES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:01-CR-46-ALL
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Isaiah David Quaites pleaded guilty to four counts of causing another person to make false statements in connection with the purchase of firearms. He appeals the district court's denial of a motion to suppress evidence of 16 firearms that were seized during a stop of the vehicle driven by him. Because the Government conceded that it did not intend to rely on <u>Terry v. Ohio</u>, 392 U.S. 1, 30 (1968), as a basis for the stop, Quaites's arguments that the stop violated <u>Terry</u> are irrelevant.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"A district court's ruling on a motion to suppress is reviewed under a clearly erroneous standard as to the facts and *de novo* for questions of law." United States v. Buchner, 7 F.3d 1149, 1154 (5th Cir. 1993)(citation omitted). "[U]nder the automobile exception police may conduct a warrantless search of an automobile and any containers therein if they have probable cause to believe that it contains contraband or evidence of a crime." Id. (citing California v. Acevedo, 500 U.S. 565, 579-80 (1991)). Probable cause exists where the facts and circumstances within the officer's knowledge are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been committed. United States v. Mendez, 27 F.3d 126, 129-30 (5th Cir. 1994). A probable cause determination should be based on the "totality of the circumstances," and the evidence in support of such "must be viewed in light of the observations, knowledge, and training of the law enforcement officers involved in the warrantless search." Buchner, 7 F.3d at 1154 (internal quotations and citation omitted).

It was not unreasonable for the stopping officer to conclude that Quaites and his accomplice had committed an offense and that evidence of that offense was in Quaites's car. Although Quaites disputes each individual rationale offered by the officer in support of a determination of probable cause, it is the totality of the circumstances that must be examined. See Buchner, 7 F.3d at 1154. The totality of the circumstances revealed that:

(1) Quaites and his accomplice had purchased an unusual number of handguns in a manner that several dealers found suspicious;

(2) two of the handguns previously purchased by the accomplice had been used in connection with crimes in Chicago; and

(3) Quaites was driving a car that bore Illinois license plates and that was registered to Quaites at an Illinois address.

The district court did not clearly err in denying the motion to suppress.

AFFIRMED.