United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60029
Summary Calendar
_____

United States of America,

Plaintiff - Appellee,

versus

Robert Payne,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Mississippi, Oxford
District Court No. 3:00-CR-145-ALL-D
_____

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.[1]

PER CURIAM.

Robert Payne appeals his jury conviction for the following offenses: 1) possession with intent to distribute in excess of 50 grams of a mixture and substance containing cocaine base; 2) possession of a firearm in furtherance of drug trafficking; 3) possession of a firearm after having been convicted of a felony;

_____

[1]Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

and 4) possession of an illegal firearm.  The charges against Payne arose from a police stop of his vehicle on October 11, 2001, and the subsequent searches of his car and the trailer of his girlfriend, Rolanda Jeffries.

## Constitutionality of the Trailer Search

In his first issue, Payne argues the district court abused its discretion by denying his motions to suppress evidence seized from Jeffries' trailer.  Payne maintains his privacy rights were violated by the search of the trailer, and therefore any evidence seized in the search should have been suppressed.  He argues that as an overnight guest he had a privacy right in the trailer.  The district court determined Payne did have a privacy right, but denied Payne's motion because it found Payne voluntarily consented to the search.  To the extent Payne complains about the search on those grounds, this Court will examine the district court's finding that Payne voluntarily consented to the search rather than revisit the privacy right issue.

This Court accepts a district court's ruling on a motion to suppress based on live testimony, unless the district court's findings of fact are clearly erroneous or influenced by an incorrect view of the law.  *See United States v. Randall*, 887 F.2d 1262, 1265 (5th Cir. 1989).  The denial of a motion to suppress is reviewed in the light most favorable to the party prevailing below.  *See United States v. Foy*, 28 F.3d 464, 474

-2-

(5th Cir. 1994).  If the record below supports more than one permissible interpretation of the facts, the reviewing court will accept the district court's choice between them, absent clear error.  *See United States v. Posada-Rios*, 158 F.3d 832, 868 (5th Cir. 1998).

Because the district court indicated that Jeffries' Fourth Amendment rights were likely violated by the search of the trailer, Payne argues that his Fourth Amendment rights were likewise violated by the trailer search.

This Court has held that "[w]here consent is preceded by a Fourth Amendment violation the government has a heavier burden of proving consent."  *United States v. Kelley*, 981 F.2d 1464, 1470 (5th Cir. 1993).  The government must show consent was both voluntary and independent of any violation "to such a degree as to cause a break in the chain of events sufficient to refute the inference that the evidence was a product of the constitutional violation."  *United States v. Vega*, 221 F.3d 789, 801 (5th Cir. 2000).  To determine whether there has been a sufficient break in the chain of events, this Court examines the following factors: 1) the temporal proximity of the illegal conduct and the consent; 2) the presence of intervening circumstances; and 3) the purpose and flagrancy of the initial misconduct.  *See id*.

The voluntariness of consent is determined by considering the totality of all the circumstances at the time of consent.

-3-

*Kelley*, 981 F.2d at 1470. The government must prove voluntariness by a preponderance of the evidence. *United States v. Jones*, 234 F.3d 234, 242 (5th Cir. 2000). This Court set forth the following factors to aid in that consideration: 1) the voluntariness of the defendant's custodial status; 2) the presence of coercive police procedures; 3) the extent and level of the defendant's cooperation with the officers; 4) the defendant's awareness of his right to refuse consent; 5) the defendant's education and intelligence; and 6) the defendant's belief that no incriminating evidence will be found. *Id.* No single factor is dispositive. *Id.*

Although Payne argues that the violation of Jeffries' Fourth Amendment rights tainted the search as to him, Payne's consent was independent of the purported violation. Special Agents Jim Holland and Phillip Robertson of the Drug Enforcement Agency testified that Payne was not present when they arrived at the trailer. The agents testified that they announced themselves when they arrived, spoke to Payne's girlfriend through the closed trailer door, and then heard a toilet flushing. The agents testified that they then broke into the trailer because they thought Jeffries might be flushing contraband down the toilet. Payne arrived at the trailer approximately one hour after the officers entered. The agents testified that Payne told them he wanted to cooperate with them, led them to the trailer,

encouraged Jeffries to consent to the search, and told the agents where the guns and a scale were hidden.  Not only was there a significant time lapse between the purported violation of Jeffries' Fourth Amendment rights and Payne's arrival, but Payne's arrival served as an intervening circumstance in the chain of events that led to the discovery of the evidence Payne sought to suppress.  Any impropriety in the officers' initial actions was too attenuated from Payne's consent to taint any subsequent search of the trailer.  As a result, the district court correctly found that Payne's consent was independent of any earlier violation of Jeffries' Fourth Amendment rights.

Likewise, the district court correctly found that Payne voluntarily consented to the search of the trailer.  Although Payne's account of the events surrounding the search differed from that of the officers, the district court did not err by relying on the officers' account of the events.  *See Posada-Rios*, 158 F.3d at 868.  Payne's high school education indicates he was able to understand his right to refuse consent.  His instructions about the gun and scale show that he knew where the contraband could be found.  Considering the evidence in the light most favorable to the government as the prevailing party on the motion to suppress, this Court finds the district court did not err.

### Constitutionality of the Vehicle Search

In his second issue, Payne argues the district court erred

in denying his motion to suppress evidence obtained from the search of the car he was driving.  Payne maintains his Fourth Amendment rights were violated because there was no probable cause to stop him or to search the car.  Again, this Court accepts a district court's rulings on a motion to suppress evidence based on live testimony, absent clear error.  *See Randall*, 887 F.2d at 1265.

Police officers may search a vehicle without a warrant if they have probable cause to believe the vehicle contains contraband or evidence of a crime.  *United States v. Buchner*, 7 F.3d 1149, 1154 (5th Cir. 1993).  Probable cause exists when the facts and circumstances known by the arresting officers "are sufficient in themselves to warrant a man of reasonable caution in the belief that the person to be arrested has committed or is committing an offense."  *United States v. Mendez*, 27 F.3d 126, 129 (5th Cir. 1994).  A probable cause determination is based on the totality of the circumstances, viewed in light of the observations, knowledge, and training of the officers involved in the search.  *Buchner*, 7 F.3d at 1154.

In the instant case the government presented ample evidence that Agent Holland had probable cause to stop and search the car Payne was driving.  Agent Holland testified that when he stopped the car he knew Payne was the subject of an active warrant in an Illinois criminal case.  Holland testified that a confidential

source told him Payne had sold cocaine to the confidential source in the past. Holland had also listened to a tape-recorded conversation in which Payne agreed to sell cocaine to the confidential source. Holland testified he saw Payne accelerate rapidly when followed by an unmarked car. Holland also testified he watched Payne attempt to quickly reverse while reaching under his seat when confronted by marked police cars. Officer McMillin confirmed Holland's observations of Payne's actions while driving the car.

Finding no violation in the stop and search of Payne's car, this Court upholds the district court's denial of Payne's motion.

### Constitutionality of the Arrest Warrant

Although Payne framed his third issue[2] in terms of the constitutionality of the arrest warrant, he focuses his argument on his contention that the district court erred in failing to hold an evidentiary hearing on his second motion to suppress evidence seized from the car and the trailer. Specifically, Payne contends he was entitled to a second evidentiary hearing because the facts were not fully developed in the first hearing. This failure was due, he claims, to poor performance by his first

---

[2] Payne argues the warrant for his arrest and the searches was obtained after they had taken place. The warrant was actually only for Payne's arrest, and made no mention of a search. The district court found no violation in warrant procedures because it found neither search was predicated on a search warrant: the search of the car was based on probable cause and the search of the trailer was based on Payne's consent.

lawyer.

Under Rule 12(d) of the Federal Rules of Criminal Procedure, the district court had discretion to defer ruling on a motion to suppress until trial. *See United States v. Kirk*, 528 F.2d 1057, 1064 (5th Cir. 1976). This Court reviews a decision not to hold an evidentiary hearing for abuse of discretion. *See id.*

In the instant case, the district court held a full evidentiary hearing on Payne's first motion to suppress evidence. The district court denied the motion as to the search of the car, but held the motion in abeyance as to the search of the trailer. No new evidence was discovered between that hearing and Payne's second motion. The only change was the replacement of Payne's first attorney. Because Payne's second motion reiterated the arguments made in his first motion, the district court decided not to hold a second pre-trial evidentiary hearing. The district court did, however, hold a second suppression hearing on the trailer search during trial, but outside of the jury's presence. This hearing covered much the same ground as the pre-trial hearing. The district court decided not to suppress evidence from the trailer search. Because the actions of the district court reveal a careful consideration of Payne's motions, this Court finds no abuse of discretion in the district court's decision not to hold two evidentiary hearings on the same issue with the same evidence.

**Sufficiency of the Evidence**

In his fourth issue, Payne argues there was insufficient evidence to convict him of being a felon in possession of a firearm that had traveled in interstate commerce, in violation of 18 U.S.C. § 922(g)(1).  Specifically, Payne complains that the charge lacked what he argues were the necessary requirements of intent and "foreign commerce."

A defendant is guilty under 18 U.S.C. 922(g)(1) if he is a convicted felon in possession of a firearm, and that firearm previously traveled in, or affected interstate commerce.  *United States v. Cavazos*, 288 F.3d 706, 712 (5th Cir. 2002).  A violation may be proven even if the defendant possessed the firearm entirely intrastate.  *United States v. Gresham*, 118 F.3d 258, 265 (5th Cir. 1997).  This Court has repeatedly confirmed the constitutionality of 18 U.S.C. 922(g)(1).  *See id.* at 264.  Proof of an interstate nexus can be based upon expert testimony by a law enforcement officer that the firearm was manufactured in a different state.  *United States v. Privett*, 68 F.3d 101, 104 (5th Cir. 1995).  The statute requires neither intent on the part of the defendant nor a showing of "foreign commerce."  *See Gresham,* 118 F.3d at 265.

In Payne's trial, abundant evidence was presented that Payne violated the statute.  Court records showed that Payne was a convicted felon.  Agent Holland and Officer McMillin testified

that the vehicle Payne was driving contained a firearm. Agent Holland also testified that the trailer where Payne sometimes spent the night contained three firearms that Payne said belonged to him. Richard Vasquez, an agent with the with the Bureau of Alcohol, Tobacco and Firearms and an expert on gun manufacturing[3], testified that each of the weapons listed in the indictment against Payne was manufactured outside of Mississippi. This Court finds the jury was presented with sufficient evidence to find that Payne violated 18 U.S.C. § 922(g)(1) and therefore upholds Payne's conviction on that count.

### Payne's Complaints about the Prosecutor's Remarks

In his fifth issue, Payne argues that certain statements made by the prosecutor during the suppression hearing and at trial were improper and prejudicial. Because Payne did not object to these remarks at the time they were made, this Court will consider first whether they were improper, and second, whether they amounted to plain error. *See United States v. Washington*, 44 F.3d 1271, 1278 (5th Cir. 1995); FED. R. CRIM. P. 52(b).

In his closing argument, a prosecutor is allowed to argue the conclusions he thinks the jury should draw from the evidence, but he may not express his personal opinion on guilt or innocence

---

[3] The district court accepted Vasquez as an expert on gun manufacturing without objection from Payne.

or the credibility of any of the witnesses.  *United States v. Binker*, 795 F.2d 1218, 1224 (5th Cir. 1986).  Even if a prosecutor oversteps these boundaries, the conviction will stand unless the prosecutor's statements "prejudicially affected substantial rights of the defendant."  *Id*.  To assess the degree of prejudice this Court considers: 1) the magnitude of the prejudicial effect; 2) the efficacy of the caution; and 3) the strength of the evidence against the defendant.  *Id*.

During the suppression hearing, which was held outside the jury's presence, the prosecutor argued that the motion to suppress should be denied because agents had testified that Payne brought them to the trailer.  Payne argues this statement was improper because the prosecutor did not state that Payne was under arrest at the time or that Jeffries was under duress.  In making the statement the prosecutor referred only to the testimony of the agents; he neither advocated a personal opinion nor referred to anything outside the record.  Therefore, this Court finds nothing improper in this statement.  *See United States v. Chase*, 838 F.2d at 750.

Payne also argues that the following statement made by the prosecutor to the jury at trial was improper: "this is what's poisoning the children of America and these are the tools of the drug trade."  The prosecutor was apparently referring to the cell phone, scale, and guns confiscated from Payne.  This remark may

-11-

have been improper because there was no testimony that these objects were tools of the drug trade, but any impropriety fell short of plain error. First, this statement was not highly prejudicial. Second, the government had presented a strong case against Payne that included testimony from a confidential source, several police officers and D.E.A. agents, as well as confiscated guns and cocaine. Third, the district court instructed the jury at the beginning and end of trial that statements by the attorneys were not evidence. Therefore this Court finds this statement by the prosecutor did not constitute plain error. *See Washington*, 44 F.3d at 1278.

Payne additionally argues that the prosecutor made an improper remark during his closing when he said that Payne was driving ninety miles per hour on a gravel road. In light of witness testimony that Payne was driving at that speed, the prosecutor was entitled to include the statement in his closing. This Court finds this statement neither referred to anything outside the record nor advanced the prosecutor's personal opinion and therefore was not error. *See Chase*, 838 F.2d at 750.

### Payne's Ineffective Assistance Claim

In his final issue, Payne argues that his Sixth Amendment right to counsel was violated by both of his trial attorneys. In support of his argument, Payne alleges his first attorney was late to the suppression hearing and failed to properly

investigate the case and to rebut government witnesses.  Payne also contends his second attorney failed to properly object to the district court's statements about the searches, and failed to rebut government witnesses.

Ordinarily this Court will not consider a claim of ineffective assistance of counsel on direct appeal. *United States v. Higdon*, 832 F.2d 312, 313-314 (5th Cir. 1987).  An exception is made if the record below allows for a fair evaluation of the merits of the claim.  *Id.; Massaro v. United States*, 123 S.Ct. 1690, 1696 (2003)(reserving this exception for situations of "apparent" or "obvious" shortcomings of counsel).  The instant case does not fit into this exception because the record does not provide information on the attorneys' trial strategies, the motivations behind their trial tactics, or the extent of their investigations.  As a result, this Court will not consider Payne's claim of ineffective assistance of counsel in this appeal.  This Court therefore AFFIRMS the district court's judgment.

AFFIRMED