# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 3, 2012

No. 11-10423
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENJAMIN A. POTTS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-57-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Defendant-Appellant Benjamin A. Potts of bank robbery, armed bank robbery, and brandishing a firearm in furtherance of a bank robbery. He was sentenced to a total of 780 months of imprisonment and six years of supervised release. On appeal, he contends that the district court erred in denying his motion to suppress evidence obtained from a warrantless search of a duffel bag inside his vehicle.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10423

On appeal of a denial of a motion to suppress, we review the district court's conclusions of law de novo and its findings of facts, including credibility determinations, for clear error, viewing the evidence in the light most favorable to the government. *United States v. Montes*, 602 F.3d 381, 384-85 (5th Cir.), *cert. denied*, 131 S. Ct. 177 (2010).

"Under the 'automobile exception' to the warrant requirement, officers may conduct a search if they have probable cause to believe that the vehicle contains contraband or evidence of a crime." *United States v. Ned*, 637 F.3d 562, 567 (5th Cir.), *cert. denied*, 132 S. Ct. 276 (2011). As in this case, the exception applies to an unoccupied vehicle parked in an apartment parking lot. *See Mack v. City of Abilene*, 461 F.3d 547, 553 n.2 (5th Cir. 2006). It also applies to a container in a vehicle if there is probable cause to believe that the container contains evidence or contraband. *California v. Acevedo*, 500 U.S. 565, 580 (1991).

Contrary to Potts's assertion, "the Supreme Court's recent ruling in [*Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710 (2009)] is inapplicable to the present case as the Court specifically limited its ruling to searches pursuant to an arrest, and the Court did not modify the standards regarding searches pursuant to the automobile exception." *United States v. Steele*, 353 F. App'x 908, 910 (5th Cir. 2009) (citing *Gant*, 129 S. Ct. at 1721). Therefore, the automobile exception applies in this case.

Based on the totality of the circumstances, the officer had probable cause to believe that the duffel bag contained evidence of a bank robbery. *See United States v. Carrillo-Morales*, 27 F.3d 1054, 1062 (5th Cir. 1994); *United States v. Buchner*, 7 F.3d 1149, 1154 (5th Cir. 1993). He was an experienced police officer with prior experience investigating bank robberies. The officer knew that Potts's vehicle was outside the apartment where he was arrested and that a large quantity of the stolen currency had not yet been recovered. The officer recognized the duffel bag, cap, sunglasses, and gloves inside Potts's vehicle as

No. 11-10423

being similar to the items used and worn by the perpetrator during the commission of the bank robberies.  Based on his experience, observations, and knowledge of these particular bank robberies, it was objectively reasonable for the officer to conclude that the duffel bag contained stolen currency.  *See Buchner*, 7 F.3d at 1154-55.  It is immaterial that the officer testified that the duffel bag "appeared" to be and was "possibly" the same bag Potts used in the robberies, and that it was "possible" that the bag contained stolen currency, because probable cause is based on objective factors, and the subjective belief of the officer is irrelevant to the determination.  *See Whren v. United States*, 517 U.S. 806, 813 (1996).  As the search of the duffel bag was authorized under the automobile exception, we need not determine whether it was authorized for any other reason.

The judgment of the district court is AFFIRMED.