UNITED STATES of America,
Plaintiff–Appellee,

v.

Victor DOVALI–AVILA,
Defendant–Appellant.

No. 89–1190
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 15, 1990.

Luis Avila, Dallas, Tex., for defendant-appellant.

Victor Dovali–Avila, El Paso, Tex., pro se.

LeRoy Morgan Jahn, and Philip Police, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEE, DAVIS, and JONES, Circuit Judges.

PER CURIAM:

Today we again face the task of deciding whether a particular warrantless vehicle search made at the permanent immigration checkpoint in Sierra Blanca, Texas, was supported by probable cause. We conclude that it was, and we write somewhat at length in the hope that this opinion will aid in the speedy resolution of future cases on this issue.

*Facts*

In October, 1988, the appellant drove into the border patrol checkpoint at Sierra Blanca, Texas. Agent Villarreal was working the point position, and standing with him were Agent Tammen and Agent Tammen's trained detection dog, Bobby.[1] When

---

1. Bobby is trained to detect both hidden narcotics and hidden people.

Agent Villareal approached the appellant's truck to determine the driver's citizenship Bobby, without command from either of the agents, also started toward the truck. Bobby walked around the truck and alerted.[2]

The appellant told Agent Villareal that he was a citizen of the United States. Agent Villareal noticed that the appellant appeared nervous and, as he was watching Bobby, became increasingly nervous. Agent Tammen had told Agent Villareal that Bobby was "working odor" and, based on Agent Tammen's comment, Agent Villareal asked the appellant to move his truck to the secondary inspection area.

While at secondary, Bobby was worked in a pattern around the truck. The agents saw several items in the truck bed, including a toolbox, which they asked the appellant to open. When the appellant opened the toolbox, Bobby jumped up and alerted to the bed of the truck. After further discussion with the appellant and further investigation of the contents of the truck bed (all with the appellant's consent), the agents discovered 330 pounds of marijuana in a compartment behind a trap door, under a diesel tank, hidden in the bed of the truck.

The appellant was arrested and indicted for possessing over 100 kilograms of marijuana with intent to distribute it, in violation of 21 U.S.C. § 842(a)(1). After his motion to suppress the evidence found during the search of the truck bed was denied, the appellant waived a jury and was tried and convicted by the court. He was sentenced to 63 months in prison, to be followed by a four-year term of supervised release, and a $50 special assessment was imposed. He appeals the denial of his motion to suppress.

### Discussion

■ Having faced this issue numerous times in the past, we write today to make clear once more that 1) a "dog sniff" does not constitute a search whether it occurs at the primary checkpoint or at the secondary checkpoint, and 2) a "dog alert" is sufficient to create probable cause to conduct a warrantless vehicle search. The United States Supreme Court has held that the Border Patrol may briefly detain motorists at permanent checkpoints and question them about their citizenship status. *United ed States v. Martinez–Fuerte*, 428 U.S. 543, 556–62, 96 S.Ct. 3074, 3082–85, 49 L.Ed.2d 1116 (1976). It has further held that agents may also selectively refer motorists to a secondary inspection area without any "particularized reason." *Id.* at 563, 96 S.Ct. at 3085. *See also United States v. Jackson*, 825 F.2d 853, 862 (5th Cir.) (en banc), *cert. denied sub nom. Ryan v. United States*, 484 U.S. 1011, 108 S.Ct. 711, 98 L.Ed.2d 661 (1988). The agents have "wide discretion in selecting the motorists to be diverted...." *Martinez–Fuerte* 428 U.S. at 564, 96 S.Ct. at 3085. The constitutional rights of a traveler on our highways are simply not infringed by the mere requirement that he move his car out of the flow of traffic from the primary area of an immigration checkpoint several yards to the secondary area of that same checkpoint.

■ What the Fourth Amendment of our Constitution does not permit, however, is a warrantless search of that same vehicle absent either consent or a determination of probable cause. *Id.* at 567, 96 S.Ct. at 3087. Dogs assigned to work with border patrol agents are specially trained to detect concealed contraband or hidden people in the vehicles that pass through such checkpoints as that at Sierra Blanca. The dogs are trained to alert—take a particular position or stance—only when they detect such contraband or people. When a dog so trained alerts in the near presence of a particular vehicle, that action is sufficient to give rise to probable cause to search that vehicle. We so hold. Further, the mere alerting of a dog, or, to an even lesser extent, the mere walking of a dog around a particular vehicle, does not, in and

---

**2.** Detection dogs such as Bobby are trained to "alert"—that is, to take a distinctive position or stance, as in the instance of a trained bird dog pointing game—when they detect the scent of drugs or concealed humans.

of itself, constitute a search. *See United States v. Place*, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); *United States v. Lovell*, 849 F.2d 910, 913 (5th Cir.1988); and cases cited. There, in speaking of the Supreme Court opinion in *Place*, we noted that "*Place* actually confirms our ... conclusion that a dog sniff is not a search." *Lovell* at 914.

 The appellant here contends that some of the district court's factual findings were incorrect and that, under a proper rendition of the facts, it would be clear that the agents did not have probable cause to search his truck. We disagree. First, we find no error in the district court's findings of fact, or in its conclusion that under those facts there did exist probable cause to search the appellant's vehicle. Second, we note that, even absent a finding of probable cause, the agents conducted their search of the appellant's truck with his consent. The appellant cannot now complain about the alleged impropriety of a consensual search. Nor can he expect relief simply because the search was so thorough as to reveal the presence of the hidden marijuana.

The appellant also challenges the constitutionality of the Federal Sentencing Guidelines. His challenge is without merit. *United States v. Mistretta*, 682 F.Supp. 1033 (W.D.Mo.1988), *aff'd*, *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

The judgment of the district court is, therefore,

AFFIRMED.