IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 92-8111
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELENA HERNANDEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
- - - - - - - - - -
(October 22, 1992)

Before DUHÉ, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:

Elena Hernandez was charged with conspiracy to possess marijuana with intent to distribute and possession of marijuana with intent to distribute after marijuana was found in her car during a search at a permanent border patrol checkpoint. Her motion to suppress was denied, and she entered a conditional guilty plea to count two of the indictment, reserving her right to appeal the denial of the motion to suppress. She was sentenced to 33 months imprisonment and 3 years supervised release.

Hernandez argues that her initial detention at secondary and the exterior canine search of her car were unconstitutional. The determination that a search or seizure did not violate the fourth

amendment is a question of law reviewed de novo.  U.S. v. Martinez-Perez, 941 F.2d 295, 297 (5th Cir. 1991), cert. denied, 112 S.Ct. 1295 (1992).

"[S]tops for brief questioning routinely conducted at permanent checkpoints are consistent with the Fourth Amendment and need not be authorized by warrant."  U.S. v. Martinez-Fuerte, 428 U.S. 543, 566, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976).  Border patrol agents may stop motorists, question them about their citizenship, and selectively refer them to secondary without individualized suspicion.  Id. at 562-63.  Agents may also make referrals to conduct inquiries about controlled substances.  See U.S. v. Dovali-Avila, 895 F.2d 206, 207 (5th Cir. 1990).

Border patrol agents, however, may not conduct a warrantless search of the referred vehicle without consent or probable cause.  Dovali-Avila, 895 F.2d at 207.  A canine "sniff" of the exterior of a car does not constitute a search within the fourth amendment.  Dovali-Avila, 895 F.2d at 207-80; U.S. v. Gonzalez-Basulto, 898 F.2d 1011, 1013 (5th cir. 1990).

Border Patrol Agent Arzate properly referred Hernandez's car to secondary and conducted a canine "sniff."  Once the dog alerted Arzate had probable cause to search the car and legally discovered the marijuana.  Gonzalez-Basulto, 898 F.2d at 1013. The district court properly denied the motion to suppress.

AFFIRMED.