IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40222
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ERIK JACKSON ABERNATHY,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-98-CR-833-1
--------------------

December 14, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Erik Jackson Abernathy appeals from the district court's
denial of his motion to suppress the cocaine seized from his
person.  He argues that a Border Patrol agent's request that he
stand up from his seat on a passenger bus detained at a fixed
Border Patrol checkpoint constituted an illegal seizure under the
Fourth Amendment and that the agent's touch of an object
concealed in Abernathy's waistband constituted an illegal search.
We have reviewed the record and find no reversible error.  The
agent's questioning of Abernathy was within the scope allowed for

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a fixed checkpoint detention.  <u>United States v. Martinez-Fuerte</u>, 428 U.S. 543, 556-62 (1976); <u>United States v. Hernandez</u>, 976 F.2d 929, 930 (5th Cir. 1992).  The district court did not err in declining to decide whether the touch violated the Fourth Amendment, because a subsequent canine sniff provided probable cause to search Abernathy.

AFFIRMED.