IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20817
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAWRENCE DARO ADAMS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-551-2
--------------------
May 21, 2002

Before GARWOOD, BARKSDALE and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Lawrence Daro Adams appeals his sentence and conviction for aiding and abetting the possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii) and 18 U.S.C. § 2. Adams argues that the district court erred in overruling his motion to suppress evidence because there was no probable cause to arrest him; that the district court erred when it overruled his motion for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment of acquittal; and that the district court erred when it applied the § 4B1.1 career offender enhancement to his sentence.

Adams' argument that the district court erred when it denied his suppression motion is rejected because the record demonstrates that an experienced narcotics officer had ample probable cause to suspect that Adams was committing the offense of aiding and abetting the distribution of cocaine. See United States v. Garcia, 179 F.3d 265, 268 (5th Cir. 1999). There was also probable cause to conduct the following search of Adams' vehicle. See United States v. Sinesterra, 77 F.3d 101, 105 (5th Cir. 1996). Adams' argument that there is insufficient evidence to support the jury's verdict is also rejected because the evidence that was submitted to the jury supports the theory that Adams was aiding and abetting the possession with intent to distribute cocaine. See United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995). Finally, Adams' argument that the district court erroneously applied the United States Sentencing Guideline § 4B1.1 career offender enhancement is rejected because Adams was 18 years or older at the time of the offense, the offense is a felony, and he had two prior felony convictions. § 4B1.1; see also § 4A1.2, comment. (n.3).

Therefore, the judgment is AFFIRMED.