United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-51239
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PATRICK ODELL WILLIAMS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-03-CR-47-ALL
_____

Before REAVLEY, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:[*]

Patrick Odell Williams ("Williams") pled guilty to two counts of possession with intent to distribute cocaine base (crack).  In his plea agreement, Williams reserved the right to appeal the district court's denial of his motion to suppress evidence obtained in an April 21, 2003 detention of Williams and search of his car. Williams now appeals the denial of that suppression motion.

We review the district court's findings of fact for clear error and its ultimate determination of Fourth Amendment reasonableness de novo.  United States v. Sinisterra, 77 F.3d 101,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

104 (5th Cir. 1996). Williams raises two Fourth Amendment challenges on appeal: (1) whether detaining Williams for 45 minutes pending the arrival of the canine unit to search his car was an unreasonable seizure and (2) whether the warrantless search of Williams's car was unreasonable. Finding no error in the district court's denial of Williams's suppression motion, we affirm.

First, Williams argues that his detention was in violation of the Fourth Amendment because officers either lacked reasonable suspicion to detain him or because the detention was a de facto arrest for which officers lacked probable cause. See Terry v. Ohio, 392 U.S. 1 (1968); see also Florida v. Royer, 460 U.S. 491, 499 (1983). Assuming that Williams has properly preserved this issue by raising it in his pre-trial suppression motion, we find Williams's detention did not violate his Fourth Amendment rights. The officers had probable cause to actually arrest -- not simply detain -- Williams during the 45-minute detention. Williams was initially detained by the officers after they identified him as Patrick Williams from Katy, Texas (near Houston). Several informants had previously given the officers information implicating a black male named "Pat", "Patrick", or "Patrick Williams" from Houston in a drug trafficking operation to the specific location at which the officers found Williams. Following the initial detention, the officers questioned other individuals who directly implicated Williams in drug trafficking to that

2

location.  At this time, the police clearly had probable cause to arrest Williams.  The 45-minute detention, therefore, did not constitute an unreasonable seizure under the Fourth Amendment.

Next, Williams argues that the search of his car was unreasonable under the Fourth Amendment.  We understand Williams to be raising two separate challenges to the reasonableness of the search of his car:  (1) the search was unreasonable because it was conducted without a warrant in the absence of exigent circumstances and (2) the search was unreasonable because the failure of the drug dog to alert resulted in a lack of probable cause.  Williams first argues that the automobile exception to the warrant requirement does not apply.  See Pennsylvannia v. LaBron, 518 U.S. 938, 940 (1996).  Although some support exists for the proposition that the automobile exception does not apply when a vehicle is parked in the defendant's private driveway, Williams's car was parked in an apartment complex parking lot, generally open to the public.  Under these circumstances, we are bound by our reasoning in Sinisterra, in which we noted that "to the extent [our precedents] require . . . a finding of exigent circumstances other than the fact of the automobile's potential mobility, they are inconsistent with more recent Supreme Court jurisprudence."  77 F.3d at 104.  In Sinisterra, we held that a warrantless search of a vehicle in a mall parking lot did not violate the Fourth Amendment.

Williams also argues that the failure of the drug dog to alert deprived the officers of probable cause to search his car.

3

Probable cause is to be determined by examining the totality of the circumstances. <u>Illinois v. Gates</u>, 462 U.S. 213, 233-39 (1983). Examining the totality of the circumstances, including Williams's behavior, his dishonest responses to questions regarding the car, information previously gathered from informants and information gathered by the officers during their on-site interviews, the officers had probable cause to search the vehicle prior to the arrival of the drug dog. Under these circumstances, the failure of the drug dog to alert did not deprive the officers of probable cause to search the vehicle.

For the foregoing reasons, the decision of the district court denying Williams's suppression motion is

AFFIRMED.