**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 15, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50217
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO ORONA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:04-CR-198-ALL
--------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:*

Armando Orona appeals his conviction and sentence for transporting child pornography by computer, receipt of child pornography by computer, and possessing a hard drive containing child pornography in violation of 18 U.S.C. §§ 2252(a)(1) and (a)(4)(B). Orona argues that the district court erred in denying his motion to suppress the evidence, the computer containing the images of child pornography, seized from his automobile. When reviewing the denial of a motion to suppress, this court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

generally reviews factual findings for clear error and the trial court's conclusions as to the constitutionality of law enforcement action and the sufficiency of a warrant de novo. United States v. Cherna, 184 F.3d 403, 406 (5th Cir. 1999).

In this case, it is not necessary to address the arguments regarding the validity of the warrant or the good-faith exception because a search may be upheld on the ground that a search without a warrant would have been supported by probable cause. United States v. Clark, 559 F.2d 420, 426 (5th Cir. 1977); Coolidge v. New Hampshire, 403 U.S. 443 (1971). "The automobile exception to the Fourth Amendment's warrant requirement permits authorities to search a vehicle when they have probable cause to believe it contains contraband." United States v. Saucedo-Munoz, 307 F.3d 344, 351 (5th Cir. 2002) (quoting Maryland v. Dyson, 527 U.S. 465, 466-67 (1999)). Although Orona does not make the specific argument, exigent circumstances are also required to justify a warrantless search of a vehicle when the vehicle is parked in the driveway of a residence. See Coolidge, 403 U.S. at 461-62; United States v. Reed, 26 F.3d 523, 530 (5th Cir. 1994).

In this case, Orona was not in custody at the time of the search of the Mazda. As found by the district court, the engine of the Mazda was running at the time of the search. Orona does not dispute that he had been seen by the deputies loading the computer into the vehicle. Orona cites Chambers v. Maroney, 399 U.S. 42 (1970), for the proposition that the agents could have

either searched the car immediately or sought a warrant, but not both, but "[t]here is no constitutional difference between 'seizing and holding a car before presenting the probable cause to a magistrate and on the other hand carrying out an immediate search without a warrant.'" United States v. Sinisterra, 77 F.3d 101, 104 (5th Cir. 1996)(quoting Chambers, 399 U.S. at 52). The totality of the circumstances justified the warrantless search of the vehicle. See Sinisterra, 77 F.3d at 104-05. The denial of the motion to suppress was not error.

Orona argues that the district court violated the Sixth Amendment by increasing his offense level for obstruction of justice because the jury made no finding on the issue in violation of United States v. Booker, 125 S. Ct. 738 (2005). This argument is based on the implicit assertion that he was sentenced under a mandatory guidelines scheme. Orona was sentenced after Booker was decided, and the record shows that the district court did not treat the guidelines as mandatory. Orona has not shown that the sentence imposed was not reasonable. See United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

AFFIRMED.