United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11499
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO OLVERA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of
USDC No. 3:03-CR-188-2-N
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mario Olvera appeals the district court's denial of his motion to suppress drug evidence discovered during a search of a car that he was driving. Finding no error, we affirm.

We review a district court's factual findings on a motion to suppress for clear error and the district court's ultimate Fourth Amendment conclusions de novo. United States v. Santiago, 310 F.3d 336, 340 (5th Cir. 2002). Under the automobile exception to the warrant requirement, officers may search an automobile if

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

they have probable cause to believe that it contains contraband or evidence of a crime. United States v. Buchner, 7 F.3d 1149, 1154 (5th Cir. 1993). "Probable cause exists when facts and circumstances within the knowledge of the arresting officer would be sufficient to cause an officer of reasonable caution to believe that an offense has been or is being committed." United States v. Carrillo-Morales, 27 F.3d 1054, 1062 (5th Cir. 1994).

The evidence at the suppression hearing established that Drug Enforcement Agency (DEA) Task Force agents learned through investigating another known drug ring that Juan Pablo Elizondo was a cocaine supplier. This led to wiretaps and surveillance on the Elizondo organization, including Olvera, who was known to frequent houses used by the organization. Based on wiretaps, task force agents seized $254,000 in cash from a car driven by persons associated with the Elizondo group just a few weeks before Olvera's arrest.

DEA Task Force Agent Tommy Hale had substantial experience in intercepting wiretaps and interpreting code used by drug dealers. On the date in question, agents intercepted a series of telephone calls which indicated that a shipment of "60," which Hale interpreted to mean 60 kilograms of cocaine, was arriving in three vehicles; that the vehicles were at a Days Inn; and that Elizondo would send someone to get them. Olvera left one of the Elizondo houses and went to the Days Inn, where agents saw him get into one of three Honda Accords, a type of car commonly used

by drug dealers. All three Accords left at the same time and entered the interstate highway.

Given the foregoing facts, the district court did not err in concluding that the totality of the circumstances supported a finding of probable cause that Olvera was transporting drugs. Although Olvera challenges whether Agent Hale's interpretation of the numerical code words used provided probable cause, Agent Hale testified based on his substantial experience in interpreting drug dealer code. Given that experience, combined with all the other factors, particularly the prior knowledge that the Elizondo organization distributed cocaine, the prior seizure of cash, the use of Honda Accords, and the timing and sequence of the telephone calls and activities leading up to Olvera's arrest, the district court did not err in concluding that the task force agents had probable cause to believe that Olvera was transporting cocaine.

Once probable cause existed to stop and search the car, the officers were justified in searching the car at the time of the stop without obtaining a warrant. See United States v. Sinisterra, 77 F.3d 101, 104 (5th Cir. 1996). Further, they were allowed to search the entire car, including any areas where contraband could be hidden. See United States v. McSween, 53 F.3d 684, 687 (5th Cir. 1995).

Olvera argues that exigent circumstances did not exist to justify the warrantless search. Although we ordinarily review an

exigent circumstances finding for clear error, see United States v. Hicks, 389 F.3d 514, 527 (5th Cir. 2004), cert. denied, 126 S. Ct. 1022 (2006), Olvera's conclusory assertion in his motion that exigent circumstances were not present was insufficient to preserve the issue for appeal, particularly in light of his failure to address the issue at the suppression hearing. See United States v. Musa, 45 F.3d 922, 924 n.5 (5th Cir. 1995). Accordingly, we review for plain error. See United States v. Rodriquez, 15 F.3d 408, 414-15 (5th Cir. 1994).

"Given that [Olvera] was stopped while traveling on an interstate highway, the requisite exigent circumstances were clearly present." United States v. Castelo, 415 F.3d 407, 412 (5th Cir. 2005). Thus, even under the more generous clear error standard of review, Olvera's argument would fail.

Because we conclude that probable cause existed to justify the warrantless stop and search, we need not reach Olvera's additional arguments that the alternative basis for the stop was improper and that the subsequent search exceeded the permissible bounds of a search incident to Olvera's arrest on traffic violations. See McSween, 53 F.3d at 687 n.3 (court of appeals could affirm suppression ruling on any basis supported by the record).

For the foregoing reasons, the judgment of the district court is AFFIRMED.